UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RENE GARBUTT,                          :
                                       :
            Plaintiff                  :
                                       :
      v.                               :     CIVIL NO. 4:CV-04-2242
                                       :
UNITED STATES OF AMERICA,              :
                                       :     (Judge McClure)
            Defendant                  :

## MEMORANDUM AND ORDER

August 16, 2005

## Background

This pro se action pursuant to the Federal Tort Claims Act ("FTCA") was

filed by Rene Garbutt ("Plaintiff"), an inmate presently confined at the Allenwood

Federal Correctional Facility White Deer, Pennsylvania.   The United States of

America is the sole Defendant.   Presently pending is Defendant's motion to

dismiss or in the alternative to transfer this matter to the United States District

Court for the Western District of Pennsylvania.  See  Record document no. 14.

The motion is unopposed.

1

According to the complaint, Plaintiff was scheduled for a cell transfer on August 31, 2002 while housed in the Segregated Housing Unit ("SHU") at the McKean Federal Correctional Institution, Bradford, Pennsylvania ("FCI-McKean").  Upon discovering that he "was being placed in a cell for lock-down with an inmate who I had had problems with before" Garbutt purportedly requested assistance from Correctional Officer Martinelli.  Record document no. 1, ¶ 9.  Martinelli allegedly threatened Plaintiff with a misconduct charge if he refused a transfer to Cell 209.  In light of Martinelli's threat, Plaintiff allowed his hands to be handcuffed behind his back and was removed from his cell.  Upon reaching Cell 209, Plaintiff "began to get a real fear for my safety and life" and "began to resist and refuse getting placed into the cell" while in a comprised position with his hands handcuffed behind his back.  Id. at ¶ 14-15.

Officer Martinelli allegedly responded by  physically forcing Garbutt into Cell 209.  Plaintiff acknowledges that after entering the new cell, "nothing happened to me and my cuffs were removed without incident."  Id. at ¶ 16.  However, Martinelli subsequently returned and "removed me from cell 209 due to a big commotion in the cell which would have been avoided had the officer keep [sic] me separated from the inmate in 209."  Id. at  ¶ 17.  Garbutt claims that

2

Officer Martinelli's actions in physically forcing him into Cell 209 and requiring him to transfer despite having knowledge of a potential threat to the prisoner's safety constituted negligence.

**Discussion**

In rendering a decision on a motion to dismiss, a court must accept the veracity of the plaintiff's allegations.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974); <u>White v. Napoleon</u>, 897 F.2d 103, 106 (3d Cir. 1990).  The United States Court of Appeals for the Third Circuit in <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996), added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." Likewise, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." <u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993) (citation

omitted).  Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).  It is also well-settled that pro se litigants should be afforded liberal treatment.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Defendant's motion will be reviewed in accordance with the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's initial argument maintains that Garbutt's action is time-barred because his complaint was not filed in this Court until more than six (6) months after the Plaintiff received notice of the denial of his administrative tort claim.

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates.  United States v. Muniz, 374 U.S. 150, 150 (1963).  A plaintiff pursuing an FTCA claim must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).

Applicants seeking judicial review of an FTCA claim must file a complaint within six (6) months after the date of mailing of notice of the agency's final denial of the administrative tort claim.[1]  28 U.S.C. § 2401(b);   see also Pascale v. United States,  998 F. 2d 186 (3d Cir. 1993).  The statute of limitations begins to run from the mailing date of the denial.  Tuttle v. United States Postal Service, 585 F. Supp. 55 (M.D. Pa. 1983), aff'd, 735 F. 2d 1351 (3d Cir. 1984).  This Court does not have the authority to extend the six (6) month time period.  See United States v. Kubrick, 444 U.S. 111, 117-18 (1979).  The time limitations contained in the FTCA are jurisdictional in nature.  Willis v. United States, 879 F. Supp  889, 892 (C.D. Ill.  1994).  Thus, a plaintiff's failure to sue within the period of limitations recognized by § 240(b) deprives a court of subject matter jurisdiction.  Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994) .

Garbutt filed an administrative FTCA claim regarding his present claims on October 6, 2003.  See Record document no. 17, Exhibit 1, p. 13.  On March 17, 2004 Northeast Regional Counsel for the Bureau of Prisons ("BOP") issued a written memorandum informing the Plaintiff that his administrative tort claim was denied and that he had six (6) months in which to file a civil action in the United States District Court.  See id. at p. 14.

The present complaint was filed on October 12, 2004.  Accompanying the

---

[1]  The notice must be in writing and mailed by either certified or registered mail.

complaint is a certificate of service signed by Garbutt which provides that he delivered his complaint to prison officials for the purpose of having it mailed to this Court on October 4, 2004.  See Record document no. 1, p. 7.

A United States Supreme Court decision, Houston v. Lack, 487 U.S. 266 (1988), established that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court.  This holding, commonly referred to as the "mailbox rule" resulted from the Supreme Court's concern that prisoners had no choice but to rely upon prison authorities for the filing of their legal papers.  The Court in Houston also noted that if a question regarding timeliness of a filing date arises, a prisoner would not likely be able to establish that prison staff were responsible for any delays in the filing of such papers.  See id. at 271.  In Rivers v. Horn , 2001 WL 312236  *1, n. 1 (E.D. Pa. March 29, 2001), the Eastern District of Pennsylvania, agreeing with a majority of federal courts, ruled that the Houston mailbox rule should be extended to the filing of a prisoner's civil rights complaint.[2]   See also Piacentini v. Levangie, 998 F. Supp. 86, 90 (D. Mass.  1998) ("where a pro se prisoner lacks control over the timely receipt of the complaint by the clerk of the district court, and uses the official prison mailing system to deliver section 1983 complaint to the clerk of

---

[2]    The Eastern District noted its disagreement with a prior decision of that court, Jackson v. Nicoletti, 875 F. Supp. 1107, 1111-114 (E.D. Pa. 1994), wherein it was held that the mailbox rule was inapplicable to a prisoner's civil rights complaint.

court, the complaint is filed when it is delivered to prison authorities.")

Under the standards set forth in <u>Houston</u> and <u>Rivers</u>, Plaintiff's complaint will be deemed filed as of October 4, 2004. Undisputed documents submitted by the Defendant establish that the BOP's final denial of Plaintiff's administrative tort claim was issued on March 17, 2004. <u>See</u> Record document no. 17, Exhibit 1, p. 14. Plaintiff received the final notice on March 31, 2004. <u>See</u> <u>id</u>. at p. 15. Based on the undisputed record, this action was not initiated within six (6) months of the mailing of the final administrative denial as required under § 2401(b) (on or before September 17, 2004) or even Garbutt's receipt of the final administrative denial (on or before September 30, 2004).

Accordingly, the Defendant's unopposed motion to dismiss will be granted. Since Plaintiff's FTCA complaint is barred by the applicable statute of limitations, it will be dismissed for lack of subject matter jurisdiction pursuant to the standards announced in <u>Ahmed</u>. Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    The Defendant's motion to dismiss or to transfer (Record document no. 14) is granted.

    2.    Plaintiff's action is dismissed for lack of subject matter jurisdiction as being barred by the applicable statute of limitations.

3.      The Clerk of Court is directed to close the case.

4.      Any appeal will be deemed frivolous without probable cause

and not taken in good faith.


   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge